| | |
|---|---|
| RYAN THOMPSON<br>3306 Glendale Drive<br>Bensalem, PA 19020 | :<br>:<br>: |
| | :    CIVIL ACTION |
| Plaintiff, | : |
| v. | :    No.: |
| | : |
| NESHAMINY ELECTRICAL<br>CONTRACTORS, INC. *d/b/a*<br>NESHAMINY ELECTRIC<br>1700 Byberry Road<br>Bensalem, PA 19020 | :<br>:<br>:<br>:    **JURY TRIAL DEMANDED**<br>: |
| | : |
| Defendant. | : |

## CIVIL ACTION COMPLAINT

Plaintiff, Ryan Thompson (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Neshaminy Electric Contractors, Inc. *d/b/a* Neshaminy Electric (*hereinafter* "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"),[1] and Pennsylvania common law. Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8.    Neshaminy Electrical Contractors, Inc. *d/b/a* Neshaminy Electric provides lighting, wiring, renovation, fire alarm, and sound systems, with a location as set forth in the above-caption.

9.    At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Plaintiff was employed by Defendant from on or about October 16, 2017 until his unlawful termination (as discussed *infra*) on or about October 15, 2018 (approximately one day before his one-year anniversary with Defendant).

12.    While in the employ of Defendant, Plaintiff was a very versatile employee who worked in any position that was required of him, including as an electrician, in the field, and, toward the end of his employment, in Defendant's warehouse.

13.    Plaintiff was primarily supervised by Tony Crooks (*hereinafter* "Crooks") and generally supervised by Defendant's owner, Jack Lyons (*hereinafter* "Lyons").

14.    Throughout his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

15.    In or about the second week of July of 2018, Plaintiff suffered a work-related groin injury (and a hernia), resulting in long-term and permanent complications.

16.    Plaintiff immediately notified Crooks of his aforesaid work-related injury and reported same as a worker's compensation injury.

3

17. As a result of his aforesaid work-related injuries/health conditions, Plaintiff was limited in his ability (at times) to perform some daily life activities, including but not limited to lifting, bending, and twisting (among other daily life activities).

18. Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times (discussed further *infra*).

19. Plaintiff apprised Defendant's management, including but not limited to Crooks and Defendant's owner Lyons, of his aforesaid disabilities and need for medical accommodations on several occasions throughout the remainder of his employment with Defendant.

20. For example, after Plaintiff reported his aforesaid work-related injuries/health conditions to Crooks, Crooks reached out to Lyons and advised Plaintiff that he should seek treatment for his work-related injuries/health conditions at Urgent Care.

21. Thereafter, Plaintiff was evaluated by an Urgent Care physician, who diagnosed Plaintiff with a hernia. Plaintiff was released to return to work on light-duty with no lifting over 10 pounds and advised to return to Urgent Care in a few days for further evaluation.

22. Following his Urgent Care evaluation (as discussed *supra*), Plaintiff immediately advised Crooks of the seriousness of his work-related injuries/health conditions and that he required reasonable accommodations in the form of light-duty work and intermittent time of for doctor's visits.

23. Plaintiff returned to work, where he was given light-duty work consisting of packing boxes and continued to work until his doctor recommended that he commence a medical leave of absence for hernia surgery (a reasonable accommodation) on or about August 28, 2018 (as discussed *infra*).

4

24. On or about August 28, 2018, Plaintiff commenced a six-week medical leave of absence for hernia surgery and to care for and treat his work-related injuries/health conditions.

25. During his approximate six weeks of medical leave, Plaintiff provided Crooks and Lyons with periodic updates and medical documents regarding the status of his aforesaid work-related injuries/medical conditions and confirming his need for medical leave.

26. In response to Plaintiff's worker's compensation claims, request for initial light-duty, and ultimate request for medical leave, Defendant's management and owner exhibited clear animosity, hostility, and frustration with Plaintiff's need to seek treatment and care for his aforesaid work-related injuries/health conditions by (1) giving him the run-around about his worker's compensation benefits, including failing to file his claim for a prolonged period of time; and (2) requiring him to work beyond his doctor's light-duty restrictions (lifting and moving boxes well over 10 pounds).

27. On or about October 8, 2018, Plaintiff returned to work with medical clearance from his doctor for full-duty – no restrictions.

28. Upon his return to work on or about October 8, 2018, Plaintiff explained to Defendant's management, including Crooks, that while he was able to perform the duties of his position, his work-related injuries/health conditions would have long-term and permanent impacts on his health and he would likely develop a second hernia requiring surgery within the next five years.

29. On or about October 15, 2018, shortly after requesting and/or utilizing reasonable accommodations and in close proximity to discussing his health issues and the possible need for future medical accommodations, Plaintiff was abruptly terminated by Crooks and Lyons, who informed him that there was not enough work for a fourth person in the warehouse, despite the fact

5

that upon Plaintiff's return from medical leave, Defendant appeared to have substantially more work and orders to fill than prior to Plaintiff's medical leave.

30.     Furthermore, upon Plaintiff's information and belief, Defendant had already made the decision to terminate Plaintiff's employment while he was on medical leave as Plaintiff's position in the warehouse was replaced by a different field employee while Plaintiff was out on medical leave. Defendant thereafter followed through with Plaintiff's termination upon his return from medical leave, claiming that there was not enough work for a fourth person in the warehouse (as discussed *supra*).

31.     Upon Plaintiff's further information and belief, Defendant could have placed Plaintiff in many other positions at Defendant's facility (i.e., security, as an electrician, in the shop, or in the field).

32.     Plaintiff believes and therefore avers that he was terminated because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendant's failure to properly accommodate Plaintiff.

## COUNT I
### <u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u>
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including, but not limited to lifting, bending, and twisting (among other daily life activities).

35.     Plaintiff kept Defendant's management informed of his serious health conditions and need for medical treatment throughout his tenure with Defendant.

36. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

37. Plaintiff requested reasonable accommodations from Defendant, including but not limited to time off for doctor and hospital appointments as needed, light-duty work, and a medical leave of absence.

38. Plaintiff was terminated from Defendant shortly after requesting and/or utilizing reasonable accommodations and in close proximity to discussing his health issues and the possible need for future medical accommodations.

39. Upon Plaintiff's information and belief, Defendant failed to accommodate Plaintiff by refusing to adhere to his medical restrictions and by failing to keep Plaintiff's position open while he was on medical leave.

40. Plaintiff believes and therefore avers that he was terminated by Defendant due to (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendant's failure to properly accommodate Plaintiff.

41. These actions as aforesaid constitute violations of the ADA.

### COUNT II
### Common-Law Wrongful Discharge
### (Public Policy Violation)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for worker's compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

7

44. It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

45. The temporal proximity and retaliatory animus between Plaintiff's claim for worker's compensation and his termination creates an inference that his termination was in retaliation for making such a claim.

46. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 18, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ryan Thompson | : | CIVIL ACTION |
| v. | : | |
| Neshaminy Electrical Contractors, Inc. d/b/a | : | NO. |
| Neshaminy Electric | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　(X )

| | | |
|---|---|---|
| 7/18/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   3306 Glendale Drive, Bensalem, PA 19020

Address of Defendant:   1700 Byberry Road, Bensalem, PA 19020

Place of Accident, Incident or Transaction:   Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐    No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐    No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐    No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   7/18/2019     _____     ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☒ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10.  Social Security Review Cases
- ☐ 11.  All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,  Ari R. Karpf _____ , counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE:   7/18/2019     _____     ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

THOMPSON, RYAN

**DEFENDANTS**

NESHAMINY ELECTRICAL CONTRACTORS, INC. d/b/a NESHAMINY ELECTRIC

**(b)** County of Residence of First Listed Plaintiff  Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1 U.S. Government Plaintiff | X 3 Federal Question *(U.S. Government Not a Party)* |
| 2 U.S. Government Defendant | 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 350 Motor Vehicle | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, the Pennsylvania Human Relations Act and Pennsylvania common law.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes  No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  7/18/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Print  Save As...  Reset